**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

FRIENDS OF EAST FORK,,

              Plaintiff,

  v.

J.L. STOREDAHL & SONS, INC.,

              Defendant.

**Case No.** C02-5035JKA

**Order Granting Plaintiff's Request for Award of Attorneys Fees**

      This matter comes before the court on Plaintiff's Motion for Award of Attorney's Fees. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

      Plaintiff seeks attorney's fees as the prevailing party on a motion to enforce Consent Decree entered by this court on September 16, 2003. It is undisputed that plaintiff is the "prevailing party." Plaintiff's request for attorney's fees is sought under the "lodestar" theory under which the court would consider the reasonableness of the time expended and reasonableness of the hourly charge. Defendant challenges neither in their response. Defendant resists the motion for attorney's fees on the following bases: (1) there is no statutory or contractual basis for the award of attorneys fees; (2) the Consent Decree did not contain a fee-shifting provision; and (3) the court has not retained jurisdiction to award attorney's fees under the Clean Water Act.

      While it is true that the Consent Decree is silent on the issue of attorney's fees, they are provided under the Clean Water Act. Defendant's assertion that the court has not retained jurisdiction to award attorney's fees under the Clean Water Act is not consistent with Paragraph X of the Consent Decree which specifically provides as follows:

ORDER
Page - 1

" . . .the Court shall retain jurisdiction pursuant to the CWA (Clean Water Act) over both the subject matter of the Consent Decree and the parties until termination of this Consent Decree in order to enforce the Consent Decree and to interpret the rights and obligations of the parties to this Consent Decree.  During the pendency of this Consent Decree, either party may apply to the Court for any relief necessary to construe and effectuate this Consent Decree."

Neither party has ever attempted to terminate the Consent Decree as provided in paragraph XI of the document.  Accordingly, the court clearly has jurisdiction to determine the issue.

**Plaintiff's Motion for an Award of Attorney's Fees is granted as prayed for.  The total award (including the amount incurred as set forth in plaintiffs' reply is $21,305.**

March 9, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold, U.S. Magistrate Judge